UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

                              Civil Case No. 15-mc-51209

v.                             Honorable Linda V. Parker

PATRICK J. CONELY,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO DISMISS COUNTER-COMPLAINT

The United States of America filed this action to enforce two Internal Revenue Service ("IRS") summons directed to Respondent Patrick J. Conely ("Conely"). The IRS is investigating Conely's tax liability for calendar years ending December 31, 2012 and December 31, 2013. On October 1, 2015, Conely filed a Counter-Complaint against the United States alleging that the IRS' seizure of his property violated his constitutional rights. (ECF No. 6.) Conely also asserts that the IRS' actions caused him damages, including emotional distress. (*Id*.) Presently before the Court is the government's motion to dismiss the Counter-

Complaint.  (ECF No. 10.)  The deadline for Conely to respond to the motion has long passed, with Conely filing no response.[1]

The government asserts several arguments in support of its motion to dismiss.  First, the government maintains that subject matter jurisdiction is lacking because Conely fails to assert a waiver of sovereign immunity entitling the Court to entertain his request for affirmative relief against the United States.  (*Id.* at Pg ID 46, citing *McGinnis v. United States*, 90 F.3d 143, 145 (6th Cir. 1996).)  The party bringing an action against the United States bears " '[t]he burden of showing an unequivocal waiver of sovereign immunity[.]' "  (*Id.* at Pg ID 47, quoting *West v. FAA*, 830 F.2d 1044, 1046 (9th Cir. 1987).)  The Anti-Injunction Act also generally prohibits a " 'suit for the purpose of restraining the assessment or collection of any tax ….' "  (*Id.*, quoting 26 U.S.C. § 7421(a).)  While recognizing a limited waiver of sovereign immunity set forth in the Internal Revenue Code, 26 U.S.C. § 7426(a)(1), the United States argues the exception is inapplicable to

---

[1] On August 31, 2015, this Court issued an order, requiring Conely to appear before the Court to show cause why he should not be compelled to obey the IRS' summonses.  (ECF No. 2.)  At a hearing held on November 3, 2015, Conely claimed that he had not been personally served with the summonses.  (*See* ECF No. 13.)  The Court issued an order on the same date, requiring the government to hand-deliver the summonses to Conely immediately following the hearing.  (*Id.*)  The Court indicated that if Conely failed to fully comply with the summonses by December 3, 2015, the government could request another show cause hearing.  (*Id.*)  Show cause hearings subsequently were scheduled, at which Conely failed to appear.  The Court therefore issued a bench warrant for his arrest on April 13, 2016.  (ECF No. 24.)  The warrant remains outstanding.

Conely's counterclaims as he is the one against whom the tax is assessed. (*Id.*, citing 26 U.S.C. § 7426(a)(1); *McGinness*, 90 F.3d at 145.)

Alternatively, the United States seeks dismissal of Conely's Counter-Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*Id.* at Pg ID 48.) The government argues that the only contention Conely asserts as to why the IRS levy was wrongful is that the levy was issued without a court order. The statute governing IRS levies, however, does not require a court order. (*Id.*, citing 26 U.SC. § 6331.)

Lastly, the United States contends that Conely's Counter-Complaint must be dismissed because counterclaims are not permitted in summons enforcement proceedings. (*Id.*, citing *United States v. Rockwell Int'l*, 897 F.2d 1255, 1261 (3d Cir. 1990); *United States v. Wheaton*, 791 F. Supp. 103, 104 (D.N.J. 1992).)

The first two reasons asserted by the United States support dismissal of Conely's Counter-Complaint, although the government's first argument is dispositive as it establishes the Court's lack of jurisdiction over this matter.[2]

---

[2] The cases cited by the government establish that "[s]ummons enforcement proceedings are designed to be summary in nature, and their 'sole purpose … is to ensure that the IRS has issued the summons for a proper purpose and in good faith.' " *Rockwell Int'l*, 897 F.2d at 1261 (quoting *United States v. Barrett*, 837 F.2d 1341, 1349 (5th Cir. 1988)); *Wheaton*, 791 F. Supp. at 104. Neither case addresses, however, whether counterclaims are permitted in those proceedings and this Court did not find in its own research a case in which the court stated such a rule.

Accordingly,

**IT IS ORDERED**, that the United States of America's Motion to Dismiss is **GRANTED** and Respondent Patrick J. Conely's Counter-Complaint is **DISMISSED WITH PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 11, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 11, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
